# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LEE JACKSON, | 1:08-CV-00049 SMS HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| | [Doc. #14] |
| v. | |
| | ORDER DISMISSING PETITION AND DIRECTING CLERK TO ENTER JUDGMENT |
| JAMES WALKER, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated September 2, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by court trial on November 30, 1994, of second degree murder with a finding that Petitioner was personally armed. (Cal. Penal Code §§ 187, 12022.5(a)(4)). See Lodged Doc. No. 1.[1] On June 29, 2005, Petitioner was sentenced to serve a total indeterminate term of 19 years to life in state prison. Id.

---

[1] "Lodged Doc." refers to the documents lodged by Respondent in support of his motion to dismiss.

1	Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District
2	(hereinafter "Fifth DCA"). On May 14, 1996, the Fifth DCA affirmed. <u>See</u> Lodged Doc. No. 2.
3	Petitioner did not petition for review in the California Supreme Court.
4	Thereafter, Petitioner filed six post-conviction collateral challenges with respect to the
5	judgment in the state courts, as follows:

6	1.	<u>California Court of Appeals, Fifth Appellate District</u>
		Filed: July 7, 2002[2];
7		Denied: July 25, 2002;

8	2.	<u>California Court of Appeals, Fifth Appellate District</u>
		Filed: August 28, 2002;
9		Denied: September 26, 2002;

10	3.	<u>California Supreme Court</u>
		Filed: August 28, 2002;
11		Denied: March 19, 2003;

12	4.	<u>Fresno County Superior Court</u>
		Filed: February 15, 2007;
13		Denied: March 20, 2007;

14	5.	<u>California Court of Appeals, Fifth Appellate District</u>
		Filed: April 12, 2007;
15		Denied: July 26, 2007;

16	3.	<u>California Supreme Court</u>
		Filed: November 7, 2007;
17		Denied: April 30, 2008.

18	<u>See</u> Lodged Doc. Nos. 3-14.
19	On November 13, 2007, Petitioner filed the instant habeas petition in the Sacramento
20	Division of this Court. The petition was transferred to this Court on January 10, 2008. On August 25,
21	2008, Respondent filed a motion to dismiss the petition as being filed outside the one-year
22	limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on
23	October 27, 2008. Respondent filed a reply on November 12, 2008.

---

26	[2]In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487
27	U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>,
28	487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 13, 2007, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California Court of Appeal affirmed Petitioner's conviction on May 14, 1996. Petitioner did not file a petition for review. According to the Rules of Court, a decision becomes final following expiration of the forty day period for filing a petition to the California Supreme Court. Cal. Rules of Court, Rule 28(b) (renumbered to 8.500(e)(1)). Therefore, direct review concluded on June 23, 1996. The statute of limitations commenced on the following day, June 24, 1996, and expired one year later on June 23, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until November 13, 2007, which was over ten years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one

1  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
2  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
3  1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
4  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
5  petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,
6  544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or
7  determined by the federal courts to have been untimely in state court will not satisfy the requirements
8  for statutory tolling. Id.

9       As stated above, the statute of limitations began to run on June 24, 1996, and expired on
10 June 23, 1997. Petitioner did not file his first state habeas petition until July 7, 2002, which was over
11 five years after the limitations period had already expired. The petition did not operate to toll the
12 limitations period because the deadline had already passed. Jiminez v. Rice, 276 F.3d 478, 482 (9th
13 Cir.2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Likewise, all subsequent state
14 petitions could not toll the limitations period. Therefore, Petitioner is not entitled to statutory tolling
15 and the petition remains untimely.

16 D.  Equitable Tolling

17       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
18 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
19 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
20 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
21 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
22 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
23 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
24 (9th Cir.1993).

25       Petitioner claims he should be entitled to equitable tolling for the following reasons: he
26 argues he is mentally incompetent; and he claims state prison officials have failed to provide him
27 with legal staff or inmate law clerks to assist him in discovering, preparing, and timely filing his
28 legal papers. None of Petitioner's reasons present an extraordinary circumstance sufficient to excuse

the delay.

### 1. Mental Incompetence

Petitioner first alleges he is mentally ill, and because of this, he should be excused from complying with time requirements. The Ninth Circuit has held that mental incompetence may warrant equitable tolling during the period the petitioner was incompetent. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir.2003). However, equitable tolling on this basis is limited only to exceptional circumstances. Lawrence v. Florida, 549 U.S. 327, ___, 127 S.Ct. 1079, 1086 (2007). Petitioner does not bear the burden of persuasion at the initial pleading stage, Laws, 351 F.3d at 924; however, he is required to state sufficient details concerning his mental incompetence which would show his incompetence actually prevented him from timely filing his petition. Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir.2003); Fisher v. Gibson, 262 F.3d 1135, 1144-45 (10th Cir.2001); Ross v. Hickman, 2001 WL 940911 (N.D. Cal.2001). He must make a factual showing and demonstrate that the mental illness or incompetence actually caused him to fail to meet the deadline. Lawrence, 127 S.Ct. at 1086; Laws, 351 F.3d at 923.

In this case, Petitioner claims he was incompetent since before his trial began until recently when he became competent again to present his claims to this Court. See Petitioner's Opposition at 1 In support of his claim of incompetence, he points to the fact that he was designated in August, 2005, for the Correctional Clinical Case Management System ("CCCMS") program, which Respondent states is the designation for the lowest-level of mental health care for the higher-functioning inmates while housed in the general population.

Respondent argues that Petitioner's claim for equitable tolling is conclusory, and the Court agrees. In his petition, Petitioner stated the reason for his delay was his mental illness. When Respondent challenged Petitioner's reason for the delay and raised the affirmative defense of the statute of limitations, Petitioner responded again by merely claiming he was mentally incompetent during the relevant time period.  Petitioner has failed to carry his burden with respect to equitable tolling, because he has failed to show how his mental illness or incompetence actually caused his untimeliness. He does not state what mental disorder affects his functioning, its severity, any medication and their effects, or any limitations he experiences as a result of the illness. Moreover, he

provides no specifics on the timing of the illness, only that he was incompetent before trial and just recently became competent.

Furthermore, the record belies Petitioner's claim of mental incompetence. His only factual support for his claim is that he is currently designated in the CCCMS program. As pointed out by Respondent, he was only designated for this mental health program in 2005. This argument has no bearing on the limitations period which was in 1996-1997. Further, his claimed current placement in the CCCMS program as evidence of his mental incompetence is undermined by his contradictory statement that he is now competent.

In sum, Petitioner's claim of mental incompetence is entirely conclusory, vague, and generalized. He makes no showing whatsoever, despite being given the opportunity, to demonstrate how his mental illness caused him to file his federal petition over ten years after the limitations period expired. Like the petitioner in Lawrence, 127 S.Ct. at 1086, Petitioner has "made no factual showing of [his] mental incapacity." As in Lawrence, Petitioner "has fallen far short of showing 'extraordinary circumstances' necessary to support equitable tolling." Id.

2.  Legal Assistance

Petitioner next claims he should be granted equitable tolling because state prison officials failed to afford him staff or inmate legal assistance to assist him in discovering, preparing and filing his petitions. He claims he was not able to find such on his own without payment for their services. He further claims he should be provided free legal assistance under the Americans with Disability Act ("ADA").

This claim for equitable tolling is without merit. Petitioners have no right to legal assistance on collateral review. Coleman v. Thompson, 501 U.S. 722, 752 (1991). Nor is the State required to provide assistance to "enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." Lewis v. Casey, 518 U.S. 343, 354 (1996). Likewise, Petitioner's claim of reliance on an inmate does not justify equitable tolling. Paige v. United States, 171 F.3d 559, 560 (8th Cir.1999); United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir.2000); Reid v. Lambert, 2004 WL 1305249 (D. Or. 2004).

Petitioner's claim that he should be provided legal assistance under the ADA is not

cognizable in a federal habeas action. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973), but a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574. Petitioner's claim of mental incompetence has already been addressed above.

Petitioner has failed to demonstrate that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his federal petition. Pace, 544 U.S. at 418. His excuses are conclusory, without merit, and are simply insufficient to warrant equitable tolling for the ten-year delay.

E.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability

"if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The habeas corpus petition is DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period;

3) The Clerk of Court is DIRECTED to enter judgment; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   December 19, 2008**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE